UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BARNEY J. RADFORD, JR.,

           Plaintiff,

v.                     Case # 16-CV-6441-FPG

JUDGE CHARLES CRIMI,           DECISION AND ORDER
ATTORNEY JOSEPH CRIMI,
MONROE COUNTY PUBLIC
DEFENDER'S OFFICE,
MONROE COUNTY CONFLICT
DEFENDER,
ATTORNEY DAVID ABBATOY, and
MONROE COUNTY DISTRICT
ATTORNEY'S OFFICE,

           Defendants.
_____

  *Pro se* Plaintiff Barney J. Radford, Jr. has filed this action seeking relief under 42 U.S.C. § 1983 (ECF No. 1) and has requested both permission to proceed *in forma pauperis* and the appointment of counsel. ECF Nos. 2, 3.

  The substance of Plaintiff's Complaint is difficult to parse, but read liberally, Plaintiff alleges that (1) Rochester City Court Judge Charles Crimi was biased during a State Court proceeding against Plaintiff because Judge Crimi ruled against him and refused to recuse himself; (2) that the defense attorneys who represented or consulted with him, namely, David Abbatoy, Joseph Crimi, "Attorney Nocce" (who is actually Charles Noce, and is named as "Monroe County Conflict Defenders Office" in the caption of the Complaint") and Stephanie Stare (named in the caption of the Complaint as "Monroe County Public Defender's Office"), provided ineffective assistance of counsel and/or had a conflict of interest when they represented or consulted with Plaintiff in connection with his State Court matters; and (3) that an unnamed Assistant District Attorney (named as "Monroe County District Attorney's Office in the caption of the Complaint) "knew that Judge Crimi should have recues (sic) himself from the start."

For relief, Plaintiff requests that the court "make me whole," "have the charges and conviction removed from my record," and to "remove [the Defendants'] abilities to practice law in the State of New York." ECF No. 1, at 6.

For the reasons discussed below, (1) Plaintiff's request to proceed as a poor person is granted, (2) Plaintiff's Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii), and (3) Plaintiff's motion for the appointment of counsel is denied as moot.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed *in forma pauperis*. Title 28, United States Code, Section 1915(e)(2)(B) provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

After reviewing the Complaint, the Court determines that it must be dismissed under Section 1915(e), because several of the Defendants are immune from suit, and the remainder of Plaintiffs' claims fail to state a claim upon which relief could be granted.

### I. Absolute Immunity: Judge Crimi

Plaintiff's claims against Judge Charles Crimi all relate to actions that Judge Crimi took in his judicial role. As such, Judge Crimi is entitled to absolute judicial immunity from the allegations in the Complaint.

It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). Judicial immunity is not pierced by allegations that the judge acted in bad faith or with malice, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), even though unfairness and injustice to a litigant may result on occasion. *Mireles*, 502 U.S. at 9. Judicial immunity can be overcome only if the court is alleged to have taken non-judicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id*. at 11-12. The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. 1983. *See Pierson*, 386 U.S. at 547.

Plaintiff's Complaint only alleges acts taken by Judge Crimi in his judicial role during a case in Rochester City Court. Accordingly, Plaintiff's claims against Judge Crimi are precluded by the doctrine of absolute judicial immunity and must be dismissed with prejudice pursuant to 28 U.S.C. § § 1915(e)(2)(B)(iii).

II.     Absolute Immunity : Monroe County Assistant District Attorney

Even though Plaintiff did not name the specific Assistant District Attorney he references in his Complaint, whomever that prosecutor is, they are entitled to absolute immunity. The Supreme Court has held that when prosecutors perform traditional prosecutorial activities that are "intimately associated with the judicial phase of the criminal process," they are entitled to absolute immunity. *Imbler v. Patchman*, 424 U.S. 409, 430 (1976). In determining whether absolute prosecutorial immunity attaches to a particular action, courts apply a "functional approach." *Hill v. City of New York*, 45 F.3d 653, 660 (2d Cir. 1995). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation,

associated with [the prosecutor's] function as an advocate.'" *Id.* at 661 (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)).

Even reading Plaintiff's Complaint liberally, he alleges that the prosecutor knew that Judge Crimi should have recused himself. But "a prosecutor's motivation, and whether preferable alternatives to the actions taken were available, are irrelevant." *Parkinson v. Cozzolino*. 238 F.3d 145, 150 (2d Cir. 2001) (internal quotations and citations omitted).

As long as the nature of the complained of actions are prosecutorial, "absolute immunity applies to protect the prosecutor even in the face of a complaint's allegation of malicious or corrupt intent behind the acts." *Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir. 1994)*; see also Buckley,* 509 U.S. at 271–72 (noting that "harm that the conduct may have caused or the question whether it was lawful" is irrelevant to whether absolute immunity applies); *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1150 (2d Cir. 1995) ("[T]he extent of [prosecutorial] immunity always depends upon the nature of the activity in question, and not upon how wrongly the particular actors may have performed that activity in a specific instance.").

As a result, the claims against the unnamed ADA, identified as "Monroe County District Attorney's Office" are precluded by the doctrine of absolute prosecutorial immunity and must be dismissed with prejudice pursuant to 28 U.S.C. § § 1915(e)(2)(B)(iii).

### III.     Defendant Defense Attorneys

Plaintiff's claims against his former defense attorneys (David Abbatoy, Joseph Crimi, "Attorney Nocce" (who is actually Charles Noce, and is named as "Monroe County Conflict Defenders Office" in the caption of the Complaint") and Stephanie Stare (named in the caption of the Complaint as "Monroe County Public Defender's Office")) all fail as a matter of law

because none of them are state actors. To state a cause of action under Section 1983, a plaintiff must allege that (1) the challenged conduct was attributable to a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right guaranteed under the United States Constitution. *See Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). Private parties who are not acting under color of state law cannot be sued under Section 1983. *Lee v. Law Office of Kim & Bae, P.C.*, 530 F. Appp'x 9 (2d Cir. 2013).

It is well settled that public defenders and court appointed defense attorneys are not acting under color of state law when serving as defense counsel. *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn,* 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client"); *Shorter v. Rice,* No 12–CV–0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr.10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

Since none of these Defendants are state actors, they cannot be sued under Section 1983. As a result, the claims against David Abbatoy, Joseph Crimi, "Attorney Nocce" (Charles Noce, also named as "Monroe County Conflict Defenders Office" in the caption of the Complaint") and Stephanie Stare (named in the caption of the Complaint as "Monroe County Public Defender's Office") fail to state a claim upon which relief could be granted, and must be dismissed with prejudice pursuant to 28 U.S.C. § § 1915(e)(2)(B)(ii).

IV.     Leave to Amend

While the normal practice in the Second Circuit is to allow a *pro se* Plaintiff leave to amend, "courts may deny leave to replead where amendment qualifies as futile." *Herbert v. Delta Airlines,* No. 12–CV–1250, 2014 WL 4923100, at *5 (E.D.N.Y. Sept. 30, 2014) (citing *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000)).  Here, there is no possibility that Plaintiff can state plausible Section 1983 claims against Defendants. Thus, any attempt to replead would be futile and the Court therefore will not grant Plaintiff leave to replead. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the *pro se* plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

CONCLUSION

For all of the foregoing reasons, (1) Plaintiff's request to proceed as a poor person (ECF No. 2) is GRANTED, (2) Plaintiff's Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii), and (3) Plaintiff's motion for the appointment of counsel (ECF No. 3) is DENIED AS MOOT.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of Court is directed to enter judgment and to close this case.

IT IS SO ORDERED.

DATED:   March 23, 2017
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court